## MENDELSON BROS. PAPER CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 4341.

Circuit Court of Appeals, Seventh Circuit.

Nov. 11, 1930.

Julius Moses, Hamilton Moses, Walter Bachrach, S. Sidney Stein, and Albert Langeluttig, all of Chicago, Ill., for petitioner.

G. A. Youngquist, Asst. Atty. Gen., and J. Louis Monarch, Morton K. Rothschild, C. M. Charest, and F. M. Thompson, all of Washington, D. C., for respondent.

Before ALSCHULER, SPARKS, and ANDERSON, Circuit Judges.

---

[1] See our discussion of an analogous doubtful inference. Copperthwaite v. U. S., 37 F.(2d) 846, 847, 849.

ANDERSON, Circuit Judge.

This is an appeal from a decision of the Board of Tax Appeals holding that there is a deficiency in petitioner's taxes of $52,311.01 for the year 1920. The material facts as found by the Board and shown by the evidence are:

Petitioner is an Illinois corporation with an authorized capital of $25,000, divided into 250 shares of $100 each. Benjamin Mendelson and Emanuel Mendelson, father and son, hold in their own names 249 shares, that is, 99.6 per cent. of the stock; and one share, or four-tenths of one per cent. of the stock, is held by Leonard T. Nitkey for Benjamin and Emanuel Mendelson, Nitkey testifying that he did not own his share "actually," that it was simply a qualifying share and belonged to Benjamin and Emanuel. Benjamin and Emanuel owned all the stock.

Petitioner deals in waste paper. It purchases all kinds of waste paper from various sources; sorts, grades, and presses it into bales; and sells it to manufacturers of paper.

Benjamin is the president, Emanuel is treasurer and general manager, and Nitkey is secretary of petitioner.

On January 5, 1920, Benjamin, Emanuel, and another son of Benjamin, Samuel, "directors of said company," elected Benjamin president, Emanuel treasurer, and Nitkey secretary of petitioner, and thereupon these directors passed a resolution fixing Benjamin's salary at $26,000 for the fiscal year, plus 5 per cent. of the net sales for the year, Emanuel's at $30,000, plus 6 per cent. of the net sales, and Nitkey's at $3,500. It is not found, and it nowhere appears, that Samuel owned a single share of the stock. During 1920 Benjamin was paid $71,637.50, $26,000 salary and $45,637.50 five per cent. on sales; and Emanuel was paid $84,765, $30,000 salary and $54,765 six per cent. on sales.

In 1916, the year petitioner was organized, neither Benjamin nor Emanuel received any salary for his services. In 1917 Benjamin received $13,000 and Emanuel $14,000; in 1918 Benjamin received $13,000 and Emanuel $15,000; in 1919 Benjamin received $16,791 and Emanuel $18,791; in 1920 Benjamin received $71,637.50 and Emanuel $84,765; and in 1921 Benjamin received $14,757 and Emanuel $18,514. Nitkey, as secretary, received $1,400 in 1916, $1,400 in 1917, $300 in 1918, $1,120 in 1919, $3,500 in 1920, and $3,300 in 1921. The net sales were $262,130 in 1917, $321,550 in 1918, $379,172 in 1919, $912,750 in 1920, and $351,450 in 1921. The jump in net sales from $379,172 in 1919 to $912,750 in 1920 resulted from the scarcity of paper and the high prices—the tons handled increasing only from 14,782 to 16,690. The tons handled in 1921 were 14,026.

The net profits, after salaries and taxes were paid, were $5,306 in 1917, $3,432 in 1918, $4,883 in 1919, $18,411 in 1920, and $1,620 in 1921. In 1920 Benjamin and Emanuel took out $156,402.50 for their services for that year, leaving only $18,411 as net profits.

Respondent allowed, as a deduction from petitioner's gross income for 1920, on account of the services of Benjamin and Emanuel, salaries of $13,000 and $15,000, respectively, plus $9,127.50 to each on percentages of net sales, or totals of $22,127.50 and $24,127.50, respectively.

Petitioner in lengthy briefs discusses the primary facts; what conclusion should be drawn from these facts; whether the question to be decided is a question of law or fact; what presumption is to be indulged in favor of the action of the directors in allowing the salaries; and what force is to be given to the findings and conclusions of the Tax Board.

We do not find it necessary to review these questions.

The primary facts, which petitioner says are not questioned, can lead to but one conclusion, and that is that a very large part of the $156,402.50 received by Benjamin and Emanuel was a distribution of profits to them as stockholders under the guise of salaries.

Respondent found that $46,255 was reasonable compensation for the services of both of them, and we see no ground for disturbing this finding.

Affirmed.